**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WIN AUNG,<br><br>                Petitioner,<br><br>  v.<br><br>MATTHEW G. WHITAKER, Acting<br>Attorney General,<br><br>                Respondent. | No.   16-71817<br><br>Agency No. A208-084-503<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2018**
Portland, Oregon

Before: FERNANDEZ and IKUTA, Circuit Judges, and SESSIONS,*** District
Judge.

Win Aung, a native and citizen of Burma, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    *** The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we review the BIA's findings of fact for substantial evidence. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition.

Aung contends that he was persecuted on both political and religious grounds. For his claim of political persecution, Aung testified that he was detained and beaten in 2007 for supporting the political party the National League for Democracy. Aung has not experienced any trouble concerning his political opinion since 2007. Additionally, the November 2015 election, in which the National League of Democracy won the presidency of Burma, constitutes changed country conditions "such that the applicant's life or freedom would not be threatened." 8 C.F.R. § 1208.16(b)(1)(i)(A). Accordingly, substantial evidence supported the BIA's decision that even if Aung could demonstrate past persecution on account of his political opinions, changes in Burma rebutted any presumption of a well-founded fear of future persecution on account of his political opinions, and Aung's claim of asylum based on political persecution therefore fails.

In support of his claim of religious persecution, Aung testified that on three separate occasions in 2015 he was harassed and bullied by the extremist Buddhist group 969 and that this harassment occurred because he was Muslim. Given that

Aung was able to relocate within Burma without the 969 group seeking him out for harm, and that there is a new regime in Burma which is promoting equal treatment, there is substantial evidence to support the BIA's decision that Aung has not demonstrated a well-founded fear of future persecution based on his religious beliefs. Aung's claim of asylum based on religious persecution also fails.

Because Aung failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Aung failed to establish that it is more likely than not he will be tortured if returned to Burma. *See Garcia–Milian v. Holder*, 755 F.3d 1026, 1033–35 (9th Cir. 2013).

Petition DENIED.